**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOUNDATION OF HUMAN
UNDERSTANDING,

          Plaintiff-Appellee,

v.

TALK RADIO NETWORK, INC.,

          Defendant-Appellant.

No.   23-35043
       23-35192

D.C. No. 1:20-cv-01652-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted April 3, 2024[**]
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and SILVER,[***] District
Judge.

This appeal comes to us from a partial final judgment. Of the fifteen claims

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

and counterclaims in the operative pleadings, twelve remain pending in the district court. Talk Radio Network, Inc., ("TRN") appeals the district court's grant of summary judgment in favor of the Foundation of Human Understanding ("FHU") on the other three claims. But we lack the authority to hear "piecemeal appeals in cases which should be reviewed only as single units," so we dismiss the appeal for lack of appellate jurisdiction. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).

1. We have jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

Federal Rule of Civil Procedure 54(b) "relaxes 'the former general practice that . . . *all* the claims'" in a case "'had to be finally decided before an appeal could be entertained from a final decision upon any of them.'" *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 434 (1956)). But "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp.*, 446 U.S. at 8.

When a party appeals a partial final judgment, we review de novo "whether the certified order is sufficiently divisible from the other claims such that the 'case

would [not] inevitably come back to this court on the same set of facts.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (alteration in original) (quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005)). "This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, 'so long as resolving the claims would streamline the ensuing litigation.'" *Id.* (quoting *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009)). If those "juridical concerns have been met," we give "substantial deference" to the district court's weighing of the equities involved in entering a partial final judgment. *Curtiss-Wright Corp.*, 446 U.S. at 10.

The claims and counterclaims in this case are roughly divisible into two categories: claims concerning debts purportedly owed by TRN to FHU (which remain pending before the district court) and claims concerning control over FHU and its property (which are at issue in this appeal). Those two categories of claims pose different legal questions. But they involve overlapping facts, such that hearing separate appeals would require judges of this court to familiarize themselves with substantially the same set of facts twice. To give just one example, the parties dispute whether TRN's assertion that it controls FHU is barred by the doctrine of claim preclusion, a question that involves one court proceeding in Oregon state court and another in California state court. Meanwhile, one claim still pending before the district court seeks a declaration that Mark Masters, who

3

controls TRN, is a vexatious litigant. Any appeal of that claim would again require this court to study the litigation in Oregon and California.

Furthermore, hearing an appeal from a partial final judgment is especially disfavored where, as here, the outcome of the appeal could not remove any party from the litigation. *See Jewel*, 810 F.3d at 630.

We therefore lack jurisdiction over this appeal.[1]

2. We leave another jurisdictional issue to be considered in the first instance by the district court on remand: Although this action has proceeded thus far under the assumption that the district court has subject matter jurisdiction under 28 U.S.C. § 1332, it appears that the parties may not be completely diverse. We need not decide this question because we conclude that we lack appellate jurisdiction. *See Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 4 (2023) (courts may decide jurisdictional questions "in any order"). But we briefly explain our concern so that the district court may address it, including by engaging in any relevant factfinding.

The parties believe that they are completely diverse. FHU is a nonprofit organized in California with a principal place of business in Oregon. TRN is a Delaware corporation. TRN contends that it previously had a principal place of

---

[1] We deny as moot TRN's motion for judicial notice and to supplement the record. No. 23-35043, Dkt. No. 30; No. 23-35192, Dkt. No. 24. We also deny FHU's request to impose sanctions related to that motion. No. 23-35043, Dkt. No. 32; No. 23-35192, Dkt. No. 26.

business in Oregon but that it no longer has a principal place of business there or anywhere else.

It does appear that TRN has ceased its main business operations. But we know of no binding authority setting forth circumstances in which a corporation might have no principal place of business at all, much less circumstances that apply to TRN. *See Co-Efficient Energy Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 558-59 (9th Cir. 1987) (holding that limited actions by a corporation's sole shareholder and director, including litigation decisions, can establish a principal place of business); *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018) (concluding that in some circumstances an inactive holding company has a principal place of business "where it has its board meetings, regardless of whether such meetings have already occurred"). Here, the record suggests that TRN may have been engaged in limited activity when this case was filed in state court and removed to federal court. And the record suggests Mark Masters may have been directing that activity from California. If, at the time this suit was filed and removed, TRN's principal place of business were in either Oregon (where it had been previously) or in California (where Mark Masters may have been at the time), the parties would not have been completely diverse and the action would now need

5

to be remanded to state court based on a lack of subject matter jurisdiction.[2] *See*

*Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002)

(diversity jurisdiction "is determined (and must exist) as of the time the complaint

is filed and removal is effected"); 28 U.S.C. § 1447(c) (providing that "[i]f at any

time before final judgment it appears that the district court lacks subject matter

jurisdiction" in a removed case, "the case shall be remanded").

**DISMISSED.**

---

[2] We express no view on the answer to this question and our brief discussion here is not the law of the case.